## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PÉREZ ORTEGA, <br><br> Plaintiffs, <br><br> v. <br><br> MISTER PRICE, INC., et al., <br><br> Defendants. | CIVIL NO.: 21-1050 (MEL) |

### ORDER

Pending before the court is Plaintiff Juan R. Pérez Ortega's ("Plaintiff") motion entitled "Emergency Motion for Contempt and Requesting Order to Pay Attorney Fees, Expenses and Requesting Order to Preclude Testimony." ECF No. 43. In the motion, Plaintiff requests that non-party witness Johanna Gutiérrez's ("Ms. Gutiérrez") be declared in contempt and that the court order her to pay for fees and costs incurred in the taking of deposition to which she did not attend. ECF No. 43 at 5. Plaintiff also asks the court to preclude the use of Ms. Gutiérrez's testimony from any future proceedings. ECF No. 43 at 5. Mister Price, Inc. ("Defendant") filed a response in opposition to Plaintiff's motion. ECF No. 44. For the following reasons, Plaintiff's motion is denied.

**I.   PROCEDURAL HISTORY**

On June 3, 2021 Defendant identified Ms. Gutiérrez "Sales Manager at Mister Price" as a person likely to have discoverable information in connection to Plaintiff's case. ECF No. 43-1 at 1–2. On January 7, 2022, Plaintiff informed Defendant that he intended to take the deposition of Ms. Gutiérrez and requested her contact information from Defendant. ECF No. 43 at 2; ECF No. 43-3 at 3; ECF No. 44 at 2. On January 17, 2022 Defendant produced the contact information of Ms. Gutiérrez, including information which showed that she was living in Richmond, Virginia. ECF

No. 43 at 3; ECF No. 44 at 2. On February 11, 2022, Ms. Gutiérrez was served with a subpoena to testify in a deposition via videoconference, scheduled for February 25, 2022. ECF No. 43 at 3; *see* ECF No. 44 at 3. However, Ms. Gutiérrez did not appear at the video deposition on February 25, 2022, and the parties raised a certificate of non-appearance. ECF No. 43 at 3; ECF No. 43-5; ECF No. 44 at 3. The court had previously ordered that all depositions were to be concluded by March 1, 2022, but in response to the parties' motions, the court extended the deadline twice, once to March 4, 2022 and again to March 8, 2022. ECF No. 28 at 2; ECF No. 39; ECF No. 42. Plaintiff filed the instant motion on the day of the extended deposition deadline—March 8, 2022—petitioning the court for to order Ms. Gutiérrez to pay $3,000 to Plaintiff in attorney's fees, $241.80 for court reporter service expenses incurred in the failed deposition, and $100 for the services of the Virginia process server. ECF No. 43 at 5. In addition, Plaintiff requested that Ms. Gutiérrez's testimony be precluded in any future proceeding. ECF No. 43 at 5.

## II. ANALYSIS

### A. Plaintiff's Prior Notice Regarding Ms. Gutiérrez

Defendant opposes Plaintiff's motion first by arguing that Plaintiff had notice that Ms. Gutiérrez was no longer employed with Mister Price but that they waited until the eve of the discovery deadline to attempt to secure her testimony. ECF No. 44 at 1–2, 4. Defendant produced evidence, which Plaintiff does not contest, that on August 25, 2021 Defendant produced to Plaintiff an "Answer to Plaintiff's Request for Production of Documents" which included a document listing all employees in the Mister Price Sales Department from 2018 to the present. ECF No. 44 at 4–2; ECF Nos. 44-1; 44-2. The listing communicated that Ms. Gutiérrez had resigned from Mister Price as of August 6, 2021. ECF No. 44-2 at 180. Even so, Defendant asserts, and Plaintiff does not dispute, that Plaintiff did not indicate their desire to depose Ms. Gutiérrez until January 7, 2022. Accordingly, Defendant asserts it was not until January 17, 2022 that Defendant became aware that

Ms. Gutiérrez had relocated to Virginia. ECF No. 44 at 2. For those reasons, Defendant contends that "[t]he record shows that plaintiff had ample time to depose Ms. Gutierrez and secure her testimony but instead chose to wait until the eve of the discovery deadline to improperly serve her with the subpoena." ECF No. 44 at 4.

Plaintiff's request to depose Ms. Gutiérrez, issuance of the subpoena, and scheduled deposition of Ms. Gutiérrez was still well within the deadline to complete deposition discovery. When Plaintiff contacted Defense counsel on January 7, 2022 regarding his desire to depose Ms. Gutiérrez, the deadline to conclude deposition discovery had been set for March 1, 2022— almost two months later. ECF No. 28 at 2; ECF No. 43-3 at 3. Accordingly, Ms. Gutiérrez was served with the subpoena on February 11, 2022 and the parties attempted to hold the deposition on February 25, 2022—two business days before the established deadline. Therefore, while closer to the end of the discovery phase of the case, Plaintiff did act before the deadline to depose Ms. Gutiérrez. ECF No. 44 at 3.

### B. Rule 45(b)(1) Defect in the Subpoena

Furthermore, Defendant argues that Ms. Gutiérrez was not required to attend the deposition because the subpoena with which she was served did not comply with Rule 45 of the Federal Rules of Civil Procedure, specifically because it did not include the required attendance fee. ECF No. 44 at 2. Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." "Some courts have held that a failure to tender the appropriate sums at the time of service invalidates the subpoena and the non-party deponent is not required to attend the deposition." *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013); *Song v. Dreamtouch, Inc.*, 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is

tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir.1983)). However, other courts have found the failure to include fees to be a "technical defect" which can be cured. *Meyer v. Foti*, 720 F. Supp. 1234, 1243 (E.D. La. 1989) ("Technically, the subpoena is invalid if no fee is tendered . . . Since the technical defect may be cured, the subpoena will be quashed upon the other ground.").

Here, Defendant cites evidence which shows that the subpoena served upon Ms. Gutiérrez was not accompanied by the required attendance fees. ECF No. 43-4 at 3. Plaintiff does not dispute this fact, and has not filed a reply showing evidence to the contrary. It would not be reasonable to require Plaintiff to furnish mileage fees for a deposition conducted via videoconference, but Ms. Gutiérrez was at least entitled to a reasonable fee "for 1 day's attendance" at the deposition. Fed. R. Civ. P. 45(b)(1). However, the subpoena was served on Ms. Gutiérrez without the required fees, thereby rendering service invalid, and Ms. Gutiérrez was not obligated to attend the deposition. As such, Plaintiff's petition to hold Ms. Gutiérrez in contempt, obligate her to pay fees and expenses, and preclude Defendant's use of her testimony is DENIED.[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of April, 2022.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[1] Finally, Defendant also attempts to defend Ms. Gutiérrez's failure to appear at her deposition by speculating that "it is possible" Ms. Gutiérrez was confused about the time difference between Eastern Standard Time (Virginia) and Atlantic Standard Time (Puerto Rico) and so failed to attend the deposition at the right time. ECF No. 44 at 3. However, Defendant offers no evidence that this was the case; therefore, Defendant's argument on this basis is purely speculative, and thus, summarily discarded.